**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALISHA MEEK<br>　　　**Plaintiff,** | § | |
| | § | |
| | § | |
| **Vs.** | § | |
| | § | **Civil Action No.**　**CIV-26-225-GLJ** |
| | § | |
| **COAL COUNTY EX REL THE** | § | |
| **BOARD OF COUNTY** | § | **JURY DEMANDED** |
| **COMMISSIONERS, AND** | § | **ATTORNEY'S LIEN CLAIMED** |
| **UNDERSHERIFF JESSE** | § | |
| **YOTHER,** | § | |
| in their Official Capacities, | § | |
| **AND** | § | |
| **SHERIFF JASON SMITH** | § | |
| In his Individual and Official Capacity, | § | |
| 　　　**Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Alisha Meek ("Plaintiff") for her complaint against the Coal County Board of

Commissioners (Coal County) and Sheriff Jason Smith (Smith) and Undersheriff Jesse Yother

(Yother), in their official capacities, alleges and states as follows:

**<u>Introduction and Jurisdiction</u>**

1.    Alisa Meek is a citizen of the State of Oklahoma and a resident of Pontotoc County.

2.    Coal County is a political subdivision of the State of Oklahoma managed by and through

the Board of County Commissioners who are duly elected by the people of Coal County.

3.    To best of Plaintiff's knowledge and belief, Jason Smith is a resident of Coal County,

State of Oklahoma and was the duly elected Sheriff of Coal County, having been last

elected in November 2024 serving until his suspension on December 11, 2025. As the

Coal County Sheriff, Jason Smith is a County Officer pursuant to Title 19 O.S.A. § 161

and may be sued pursuant to Title 19 O.S.A. § 4.

1

4.  To the best of Plaintiff's knowledge and belief, Jesse Yother is a resident of Coal County, State of Oklahoma and was the duly appointed Undersheriff of Coal County from January 2025 until his termination in November 2025. As the Coal County Undersheriff, Jesse Yother is a "deputy" pursuant to Title 19 O.S.A. § 161 and may be sued pursuant to Title 19 O.S.A. § 4.

5.  Based on Plaintiff's knowledge and belief, Yother was under the direct supervision and direction of Smith and was required to carry out certain duties pursuant to Title 19 O.S.A. § 180.65 (B).

6.  Based on Plaintiff's knowledge and belief, the Coal County Sheriff's Department has approximately 20 employees.

7.  At all times relevant hereto, all acts complained of herein occurred within the boundaries of the Eastern District of the United States Federal Court in Oklahoma and venue is proper herein.

8.  This action includes complaints of civil rights violations brought pursuant to Title VII of the Civil Rights Act of 1964, the Oklahoma Anti-Discrimination Act, The United States Constitution, 42 USC § 1983, and the laws of the State of Oklahoma.

9.  This Court has jurisdiction in this matter pursuant to 28 U.S.C.A. § 1331. Further, the amount in controversy is in excess of $75,000.00 which provides this Court with jurisdiction pursuant to 28 U.S.C.A. § 1332.

10. This matter will be amended, and additional claims, including but not limited to her action pursuant to 42 U.S.C.A. § 1983 et. seq. will be added upon the expiration of the waiting period pursuant to the Oklahoma Governmental Tort Claims Act, 51 OS § 155 et. seq.

**Pre-Suit Administrative Requirements**

11. Plaintiff filed an intake with the EEOC on November 27, 2025, alleging discrimination in her employment with Coal County by and through Sheriff Jason Smith and Undersheriff Jesse Yother.

12. Plaintiff filed her charge of discrimination on the same day via charge number 564-2026-00448.

13. The EEOC issued the Dismissal and Notice of Rights on March 31, 2026.

14. This suit was filed within (90) days from the date of Notice of Rights.

15. Plaintiff filed a tort claim with Coal County on April 7, 2026.

16. As of the date of this filing, the tort claim has not yet been denied, and the period of denial has not yet expired.

17. Plaintiff left the Coal County Sheriff's Department on September 10, 2025, and her last official day of employment was September 24, 2025.

18. Plaintiff is a female.

**Statement of Facts**

19. Plaintiff was hired in April 2023 as a Deputy Sheriff by Sheriff Jason Smith's predecessor, Bryan Jump. During Plaintiff's time as Deputy in Sheriff Jump's Department, she enjoyed her job. She was not subjected to any harassment or discrimination. She was a good employee and did not have any write-ups or disciplinary actions.

20. In November 2024, Sheriff Jump was defeated in the general election by Defendant Jason Smith. Smith took office on January 3, 2025. Shortly thereafter, Smith hired Jesse Yother to be his undersheriff.

21. Yother was placed in a supervisory role over all employees of the Department, with the exception of the Sheriff himself. Further, Yother was responsible for disciplining the employes and other personnel matters by order of and direction of Smith.

22. On or about February 2025 Smith made an unwelcomed comment about the way Plaintiff looked her in her uniform. Smith said "nobody is going to get anything done in the Sheriff's Department with you looking like that." At no time did Plaintiff invite this comment nor was it welcomed.

23. The harassment continued from Smith. Between March 2025 and July 2025, he sent numerous sexually charged text messages, many filled sexual inuendo including, but not limited to "I'm fix'n to eat your cookie"(sic).

24. Both Smith and Yother consistently discussed sex at the office during work hours. The pair would comment on female employee's bodies and openly discussed oral sex.

25. Smith's behavior continued to escalate. In May of 2025, Smith intentionally groped Plaintiff's breast while adjusting her bullet proof vest.

26. Based on Plaintiff's knowledge and belief, Smith and Yother were informed by the Coal County Commissioners on or about June 8, 2025, that at least one employee of the Coal County Sheriff's Department had made allegations that they were sexually harassed by both Smith and Yother.

27. In July 2025, Smith instructed Plaintiff to come to his remote cabin while she was on duty.  Smith was drinking alcohol and offered her a promotion and offered to buy her clothes. He told her she was a "good looking girl". There was no work-related reason for the Sheriff to instruct Plaintiff to come to his cabin and no other work-related conversation was had at the cabin. It was apparent to Plaintiff that the sole reason the

Sheriff instructed her to come to the cabin was to try to have sex with her. Smith also asked Plaintiff to run away with him to Florida.

28. Plaintiff attempted to avoid Smith's advances. A short time later, Plaintiff's husband and Sheriff Smith's wife arrived, and a physical altercation ensued between Smith and his wife in Plaintiff's presence.

29. Yother also arrived on the scene, as did numerous law enforcement agencies. Yother asked Plaintiff to falsify her statement about the physical altercation between Smith and his wife. Plaintiff refused.

30. After the July 2025 Cabin incident, Yother began to treat Plaintiff differently at work. Plaintiff noticed she was being isolated at the Sheriff's Department. Further Plaintiff found Yother to be unreasonable in his demands for her work. Plaintiff felt that Yother was impossible to please which was a marked difference previous to July 2025 and nothing was good enough. Plaintiff felt Yother was looking for a reason to fire her. This behavior culminated in a write up on September 8, 2025 for allegedly allowing the oil level to fall below acceptable levels. Plaintiff was also written up for not changing the oil within a specified period of time. Plaintiff was never given any instructions about what the policy for oil change was but was wrongly held responsible for something which was not her fault.

31. Based on the sexual harassment she had endured at the hands of Smith and Yother and the retaliation which ensued, Plaintiff resigned her position on September 10, 2025.

32. On or about November 21, 2025, Sheriff Jason Smith was indicted by the Oklahoma Multicounty Grand Jury on one count of Assault and Battery and one count of Domestic Abuse Assault and Battery. Those cases were unsealed and filed in Coal County CM-

2025-93. Those charges were a direct result of the July 2025 incident at Smith's cabin. On March 30, 2026, Smith entered a plea of no contest to those charges.

33. On or about November 21, 2025, the Oklahoma Multicounty Grand Jury also issued an Accusation for Removal in Coal County Case Number CV-2025-57 alleging Smith committed Oppression in Office. As part of that charge, the Grand Jury alleged that Smith had created a hostile work environment for Plaintiff by touching her breasts and making sexual comments. That case remains set for jury trial in Coal County in November 2026.

34. On November 21, 2025, Jesse Yother was charged with Intimidation of a Witness and Obstructing an Officer by way of indictment from the Oklahoma Multi County Grand Jury in Coal County Case Number CF-2025-71. These charges were a direct result of Yother's action during the aforementioned July 2025 incident at Smith's cabin. The officer that Yother intimidated and obstructed was Plaintiff. Yother entered a plea of no contest to one count of Obstructing an Officer on February 9, 2026.

**First Cause of Action – Sex/Gender Discrimination**

35. Plaintiff adopts and incorporates the previous paragraphs as if fully set forth herein.

36. Plaintiff is an employee within the meaning of Title VII and belongs to the class of employees protected under the statute, namely, females.

37. Defendant Coal County is an employer within the meaning of the Title VII statutes; is engaged in an industry affecting commerce; and has fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or proceeding calendar year.

38. Defendants Coal County, Smith and Yother discriminated against the Plaintiff because of her gender/sex in violation of Title VII by engaging in and/or failing to correct the actions

of Smith and Yother who both engaged in discriminatory conduct towards Plaintiff based on her gender/sex.

39. Plaintiff was subject to the discriminatory and hostile treatment by Smith and Yother whom targeted Plaintiff on the basis of her sex, by discussing matters about her sexuality and their sexuality. Further Smith intentionally groped Plaintiff's breast.

40. Defendant Coal County was aware of the allegations of Sexual Harassment as early as May 2025 and failed to properly investigate and correct the actions of Smith and Yother.

41. Smith was aware of the actions of Yother and failed to investigate his actions or correct them.

42. As a result of the conduct by all Defendants, Plaintiff was forced to endure a hostile work environment in the form of unreasonable demands by Yother, continued sexual harassment by both Smith and Yother and unfounded and unwarranted disciplinary actions. Plaintiff was also denied the opportunity to complete training. Based on the hostile work environment caused by Smith and Yother and allowed to continue by the Coal County Commissioners, Plaintiff resigned.

43. As a result of the loss of her employment, Plaintiff lost wages and benefits, suffered emotional distress and mental anguish, and has sustained damage to her reputation and career.

## Second Cause of Action-Retaliation

44. Plaintiff adopts and incorporates the previous paragraphs as if fully set forth herein.

45. Plaintiff reported the July 2025 incident at Smith's cabin on the day it happened.

46. Defendants Smith, Yother and Coal County were all aware of Plaintiff's statement as it was public record.

47. Similar complaints of sex/gender discrimination were made to the Coal County Commissioners as early as May 2025. Smith and Yother were aware of these complaints and heard Plaintiff's name come up. Smith and Yother questioned Plaintiff about her involvement in these complaints prior to July 2025. Plaintiff denied involvement.

48. After July 2025, Yother began to treat Plaintiff in an openly hostile and derogatory manner and subjected her to verbal abuse. Based on Plaintiff's knowledge and belief, Smith was aware of the treatment by Yother and took no action.

49. Plaintiff believes Smith and Yother were trying to create a pretext for her termination. Plaintiff resigned in September 2025.

50. As a result of the Conduct by Defendant Coal County, Smith and Yother, Plaintiff was forced to endure a hostile work environment which resulted in her resignation.

51. As a result, Plaintiff lost wages and benefits, suffered emotional distress and mental anguish, and has sustained damage to her reputation and career.

52. Plaintiff has been injured in an amount in excess of $75,000.00 and is entitled to judgement against the Defendants for their wrongful conduct.

### Third Cause of Action – Oklahoma State Anti-Discrimination Act Against Defendant Coal County and Smith

53. Plaintiff adopts and incorporates the previous paragraphs as if fully set forth herein.

54. The conduct described in the previous paragraphs violates the Oklahoma Anti-Discrimination Act which prohibits an employer from discriminating against or retaliating against an employee on the basis of race, color, national origin, sex, religion, creed, age, disability, or genetic information and related retaliation claims.

55. The incidents described above that violate Title VII also violate the Oklahoma Anti-Discrimination Act ("OADA").

56. The elements required to prove sex/gender discrimination under the OADA are substantially similar as they are under Title VII.

57. Plaintiff has sufficiently plead violations of Title VII to put Defendants on notice in the Causes of Action set forth herein.

58. As a result of the conduct by Defendants, Plaintiff was forced to endure a hostile work environment as set forth herein which led to her resignation.

59. As a result of that resignation, Plaintiff lost wages and benefits, suffered emotional distress and mental anguish, and has sustained damage to her reputation and career.

60. Plaintiff has been injured in an amount in excess of $75,000.00 and is entitled to judgement against the Defendants for their wrongful conduct.

**Damages**

61. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered the following injuries and damages.

62. Plaintiff's resignation from the Coal County Sheriff's Department has left Plaintiff unable to find a job at comparable pay. In addition, Plaintiff has incurred expenses in seeking other employment and has out-of-pocket medical expenses which would have been covered by her health care plan.

63. Plaintiff has suffered loss of benefits offered by Defendant Coal County including health insurance and loss of retirement benefits through the Oklahoma Public Employees Retirement System (OPERS).

64. Plaintiff seeks compensation for all lost wages and benefits, including loss of any Social Security Benefits. Reinstatement of Plaintiff in her previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of front pay and retirement benefits to compensate her.

65. Plaintiff has suffered mental anguish and emotional distress that is common and routine from suffering such humiliation and degradation at the hands of the Defendants.

66. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

**WHEREFORE,** Plaintiff demands judgement in her favor and against Defendants in an amount in excess of $75,000.00 for their wrongful, improper, and illegal conduct. Plaintiff requests she be awarded lost wages, damages for lost benefits, damage to reputation, damages for emotional distress and mental suffering, and punitive damages. Plaintiff further requests that the Court award her any costs and attorney's fees associated with this suit, and any and all other relief that the Court deems just and equitable.

Respectfully Submitted,

_____
Jason D. Christopher, OBA #17383
Attorney at Law, PLLC
P.O. Box 1446
Ada, Oklahoma 74821-1446
Phone: (580) 272-0272
Fax: (580) 789-6352
Email: jason@christopher.law
*Counsel for the Plaintiff*

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**